UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHIRLEY BRANCH,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Civ. No. 2:12-04346 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

    Plaintiff Shirley Branch brings this action pursuant to 42 U.S.C. §§ 216(i) and 223, seeking review of a final determination by the Commissioner of Social Security (the "Commissioner") denying in part his application for a period of disability and Disability Insurance Benefits ("DIB"). For the reasons set forth below, the Commissioner's decision is **AFFIRMED**.

## I. LEGAL STANDARDS

### A. The Five-Step Sequential Analysis

    Under the authority of the Social Security Act ("The Act"), the Social Security Administration has established a five-step evaluation process for determining whether a claimant is entitled to benefits. 20 C.F.R. §§ 404.1520, 416.920. In the first step, the Commissioner determines whether the claimant has engaged in substantial gainful activity since the onset date of the alleged disability. *Id.* §§ 404.1520(b), 416.920(b). If not, the Commissioner moves to step two to determine if the claimant's alleged impairment, or combination of impairments, is "severe." *Id.* §§ 404.1520(c), 416.920(c). If the claimant has a severe impairment, the Commissioner inquires in step three as to whether the impairment meets or equals the criteria of any impairment found in the Listing of Impairments. 20 C.F.R. Part 404, Subpart P, Appendix 1, Part A. If so, the claimant is automatically eligible to receive benefits (and the analysis ends); if not, the Commissioner moves on to step four. *Id.* §§ 404.1520(d), 416.920(d). In the fourth step, the Commissioner decides whether, despite any severe impairment, the claimant retains the Residual Functional Capacity ("RFC") to perform past relevant work. *Id.* §§ 404.1520(e)-(f), 416.920(e)-(f). The claimant bears the burden of proof at each of these first four steps. At step five, the burden shifts to the Social Security Administration to demonstrate that the claimant is capable of performing other jobs that exist in significant

1

numbers in the national economy in light of the claimant's age, education, work experience and RFC. 20 C.F.R. §§ 404.1520(g), 416.920(g); *see Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91-92 (3d Cir. 2007) (citations omitted).

### B. Standard of Review

For the purpose of this appeal, the court conducts a plenary review of the legal issues. *See Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). The factual findings of the ALJ are reviewed "only to determine whether the administrative record contains substantial evidence supporting the findings." *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000). Substantial evidence is "less than a preponderance of the evidence but more than a mere scintilla." *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004) (citation omitted). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* When substantial evidence exists to support the ALJ's factual findings, this Court must abide by the ALJ's determinations. *See id.* (citing 42 U.S.C. § 405(g)).

## II. BACKGROUND

On May 27, 2008, Plaintiff filed an application for a period of disability and DIB. The filings alleged that Plaintiff had a disability with an onset date of May 6, 2008, due to conditions including coronary artery disease, the residual effects of coronary artery bypass surgery, keloids of the chest, and lumbar disc disease with facet joint arthropathy. Plaintiff's claim was denied initially on November 24, 2008 and on reconsideration on May 26, 2009. On September 7, 2010, Plaintiff testified at a hearing before Administrative Law Judge Richard L. De Steno (the "ALJ").

On October 1, 2010, the ALJ issued a decision finding that the Plaintiff was not disabled. The ALJ found that the Plaintiff met the insured status requirements under The Act, had not engaged in substantial gainful activity since May 6, 2008, and had severe impairments involving coronary artery disease, the residual effects of coronary artery bypass surgery, keloids of the chest, and lumbar disc disease with facet joint arthropathy. However, the Plaintiff did not have an impairment or combination of impairments that met or medically equaled any impairment listed in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526). Furthermore, the ALJ determined that the Plaintiff had the RFC for the full range of sedentary work and had no significant non-exertional limitations. Thus, the ALJ concluded that the Plaintiff was capable of performing her past relevant work and had not been under a disability as defined by The Act. On October 1, 2010, the appeals council denied Plaintiff's request for review. Plaintiff now brings the instant appeal.

## III. DISCUSSION

Plaintiff challenges the ALJ's determination that she was "not disabled." Plaintiff argues that the ALJ erred as a matter of law in applying the Third Circuit's pain standard, evaluating the Plaintiff's credibility, and in determining that the Plaintiff's RFC was sufficient to permit her to return to work.

### A.     The ALJ correctly applied the pain standard.

Plaintiff first argues that the ALJ failed to properly analyze the Plaintiff under the second step of the two-step pain analysis by failing to discuss all factors provided under SSR 96-7P and 20 CFR 404.1529(c). However, the Plaintiff fails to mention any specific evidence corresponding to a factor that the ALJ failed to discuss. *See Canales v. Barnhart*, 308 F. Supp. 2d 523, 527 (E.D. Pa. 2004). Furthermore, SSR 96-7P does not mandate an exhaustive recitation of each of the seven pain factors, but rather requires that the ALJ "consider" all of these factors in making his determination. *Id*. The record demonstrates that the ALJ thoroughly considered all relevant factors including "the intensity, persistence, and limiting effects" of the Plaintiff's medical conditions. *See* (R. 26). Accordingly, the ALJ properly applied the two-step pain analysis.

### B.     The ALJ correctly assessed the Plaintiff's credibility.

Plaintiff argues that the ALJ improperly assessed her credibility. (Pl.'s Br. 10). Pursuant to SSR 96-7P, the Plaintiff's credibility must be assessed in consideration with all evidence present in the record. *See Christy v. Astrue*, CIV.A. 10-289J, 2012 WL 967869 (W.D. Pa. Mar. 21, 2012). The Plaintiff asserts that the ALJ's credibility assessment was made in a cursory statement and is therefore insufficient. (Pl.'s Br. 11). However, the ALJ properly considered, and cited to, several portions of the medical record, all of which contradict the Plaintiff's testimony. (R. 27).

When making a credibility assessment the ALJ is required to consider "all relevant evidence" as well as "give some indication of the evidence which he rejects and his reason(s) for discounting such evidence." *See* 20 C.F.R. § 404.1529; see *also Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 121 (3d Cir. 2000). The ALJ specifically mentioned the Plaintiff's work history, the requirements of that work, and the Plaintiff's subjective pain testimony regarding work-related activities. (R. 26). The ALJ then concluded that the Plaintiff's statements regarding the "intensity, persistence and limiting effects" of her symptoms were not credible because they were inconsistent with the record evidence. (R. 26). In doing so, the ALJ specifically cited to several medical reports. *See* (R. 27, 466-473, 475). First, Dr. Saric's report found that the Plaintiff "revealed no angina, shortness of breath, lower extremity edema or any cardiovascular sign or symptoms." (R. 27). Additionally, the ALJ cited the Physical RFC Assessment conducted by Dr. Ibrahim Housri which found that the Plaintiff had no postural limitations, no manipulative limitations, and no exertional limitations that would preclude Plaintiff from engaging in light work. *See* (R. 27, 466-473). Furthermore, the Medical Evaluation/Case Analysis conducted by Dr. Raymond Briski affirmed that the Plaintiff possessed the RFC for performing light work. (R. 475). Accordingly, the ALJ properly assessed Plaintiff's credibility and this Court will not disturb his findings. *See* (R. 26, 28).

### C. The ALJ correctly assessed the Plaintiff's RFC and determined she could perform her past relevant work.

Plaintiff argues that the ALJ incorrectly assessed her RFC. (Pl.'s Br. 5). Plaintiff contends that the ALJ failed to consider the opinions of Dr. Schwartz and Dr. Kaufman in determining her RFC. (Pl.'s Br. 14). However, the opinion of Dr. Kaufman is ultimately supportive of the ALJ's final determination. Dr. Kaufman's examination and relatively minor recommendations of physical therapy and over-the-counter Motrin support the ALJ's ultimate determination that the Plaintiff is not disabled. *See* (R. 490). Thus, even if the ALJ did not consider Dr. Kaufman's report, it would have no effect on the outcome of this case and therefore remand is not required here. *See Rutherford v. Barnhart*, 399 F.3d 546, 553 (3d Cir. 2005). Likewise, the report of Dr. Schwartz, a dermatologist, does not establish any significant functional limitations for the Plaintiff to perform sedentary work. *See* (R. 455).

Furthermore, Plaintiff is incorrect in asserting that the determinations of Dr. Kaufman and the state agency medical consultant necessitate the conclusion that Plaintiff is "incapable of performing the full range of sedentary work either as she performed it, or as performed in the national economy." (Pl.'s Br. 8). Conversely, as mentioned above, Dr. Kaufman's examination report and treatment recommendations support the ALJ's ultimate determination that the Plaintiff is not disabled. *See* (R. 490). Additionally, the conclusions of the state agency medical consultant unequivocally provide that the Plaintiff has no functional limitations preventing her from engaging in light work. *See* (R. 27, 466-473, 475).

There is no basis in the Plaintiff's contention that the ALJ did not adequately explain his finding that Plaintiff's ability to perform light work equated to her being able to perform sedentary work as well. *See* (Pl's Br. 14). The physical exertion requirements state that, "If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567. As mentioned above, there is adequate medical evidence set forth in the record supporting the ALJ's conclusion that the Plaintiff can perform light work and therefore can perform sedentary work. (R. 27, 466-473, 475). The record states that the Plaintiff's surgery follow-up examination at UMDNJ "revealed no angina, shortness of breath, lower extremity edema or any cardiovascular sign or symptoms." (R. 27). Additionally, Dr. Kaufman's medical report describes Plaintiff as "a female in no acute distress", with a lumbar spine showing "no obvious paraspinous muscle spasm or pain to palpitation", and having "lateral rotation within normal limits." (R.490). Thus, the ALJ correctly determined that the Plaintiff could perform sedentary work. *See* 20 C.F.R. § 404.1567.

The Plaintiff is also incorrect in asserting that the ALJ erred in failing to give "controlling weight" to the opinions of Dr. Cantey and that no negative implications for the Plaintiff exist in those opinions. "Controlling weight" is only afforded a medical

4

opinion when that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527. The ALJ correctly found the opinions of Dr. Cantey to lack the requisite support which would afford them controlling weight. (R. 27). The testimony of Dr. Kaufman and the state agency medical consultant mentioned above, along with additional reports of Dr. Saric, are inconsistent with the opinion of Dr. Cantey and therefore do not afford Dr. Cantey's opinion controlling weight. *See* (R. 27, 449, 466-473).

Finally, the Plaintiff argues that the ALJ inadequately compared her RFC to her past relevant work and therefore incorrectly determined that the Plaintiff has the capability to perform her past relevant work. (Pl's Br. 12). Specifically, the Plaintiff argues that the ALJ did not note the requirements of the Plaintiff's past work and did not compare those requirements to her RFC. (Pl's Br. 14). This is not the case. The ALJ specifically discussed the Plaintiff's job requirements as a secretary at UMDNJ, stating that she worked at a desk utilizing a phone and a computer, assisted with people who had to sign-in to the building, and lifted and carried folders of medical records. (R. 26). Furthermore, the ALJ compared the above stated requirements of the Plaintiff's job to the description of secretarial duties included in the Department of Labor's Dictionary of Occupational Titles which defines secretarial duties as requiring sedentary work. (R. 26, 28). The statutory requirements of sedentary work are described as follows:

> (a) Sedentary work. Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567. Having determined that Plaintiff could perform sedentary work and that her prior work was sedentary, the ALJ appropriately determined that the Plaintiff is capable of performing her past relevant work pursuant to 20 CFR 401.1565.

## IV. CONCLUSION

For the reasons above, the ALJ's decision is **AFFIRMED**. An appropriate order follows.

WILLIAM J. MARTINI, U.S.D.J.

Date: March 7, 2014